

ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION

2006 OCT 11 AM 9: 30

CLERK OF COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RYON GAMBILL
MARAUDER CORPORATION,
        Plaintiffs

v.                                           Case No. 4:06-CV-418 A

RICHARD J. HIBBS, A/K/A RICHARD B. HIBBS
A/K/A/ BUD HIBBS, SUSAN HIBBS
ENOM, INC., a foreign corporation
        Defendants

## PLAINTIFFS' BRIEF IN OPPOSITION TO MOTION TO DISMISS

### A. PLAINTIFFS HAVE STATED A CLAIM FOR TRADE NAME DISPARAGEMENT

A trade mark is affixed to the vendible product, while a trade name applies to the business and its goodwill. Marauder Corporation is not required to register its trade name as a trade mark as a prerequisite to having the trade name legally protected. A trade name cannot be registered as a trademark, see: <u>Metric & Multistandard Components Corp.</u> v. <u>Metric's Inc.</u> 635 F2d 710 (1980). Even though plaintiff's name was not a registered trademark, or even registrable, it was entitled to protection from false description or dilution. The Lanham Act protects the registered trade mark, the unregistered trademark, and the trade name.

§ 1125. False designations of origin, false descriptions, and dilution forbidden

> (a) **Civil action** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
> (1) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to

the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
(2) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Remedies available under 15 USC § 1117 are not limited to infringement of registered trademarks, but it also applies to unregistered trade marks, trade names, and unfair competition.

The Plaintiffs is seeking equitable relief under Texas State Law to protect the trade name. The Tex Bus. & Comm. Code §16.29 was invoked, as well as the Lanham Act §43(c) (15 USC§1125(c). The Texas Statute states:

> **INJURY TO BUSINESS REPUTATION OR TRADE NAME OR MARK.** A person may bring an action to enjoin an act likely to injure a business reputation or to dilute the distinctive quality of a mark registered under this chapter or Title 15, U.S.C., or a mark or trade name valid at common law, regardless of whether there is competition between the parties or confusion as to the source of goods or services. An injunction sought under this section shall be obtained pursuant to Rule 680 et seq. of the Texas Rules of Civil Procedure.

This Texas statute protects a "business reputation" as well as "mark or trade name valid at common law." Marauder Corporation is not claiming protection for an unregistered trade mark. It is claiming protection for a trade name. Disparagement of a trade name is a form of unfair competition. A trade name is protected under the Lanham Act §43(a) and it is entitled to the remedies afforded by 15 USC 1117. It is also protected by Tex. Bus. & Comm Code § 16.29.

AMERICAN STEEL FOUNDRIES v. ROBERTSON, 269 U.S. 372, 380 (1926) the Supreme Court of the United States defined the difference between a trade name and a trade mark. Trademark applies to the vendible product, while the trade name applies to the business and its good will. The Supreme Court said:

> Whether the name of a corporation is to be regarded as a trade-mark, a trade-name, or both, is not entirely clear under the decisions. To some extent the two terms overlap, but there is a difference, more or less definitely recognized, which

is that, generally speaking, the former is applicable to the vendible commodity to which it is affixed, the latter to a business and its good will. See Ball v. Broadway Bazaar, 194 N. Y. 429, 434, 435, 87 N. E. 674. A corporate name seems to fall more appropriately into the latter class. But the precise difference is not often material, since the law affords protection against its appropriation in either view, upon the same fundamental principles. The effect of assuming a corporate name by a corporation under the law of its creation is to exclusively appropriate that name. It is an element of the corporation's existence. Newby v. Oregon Cent. Ry. Co. et al., Deady, 609, 616, 18 Fed. Cas. 38, No. 10,144.

Marauder Corporation is a duly created and presently existing California corporation, and the trade name "Marauder" is the property of that corporation.

Trade names are accorded the same protection as trademarks under the law of unfair competition. In <u>Committee for Idaho's High Desert Committee</u> v. <u>Yost</u> 92 F 3d 814 the Court of Appeals considered a case where a not for profit corporation had allowed its corporate charter to lapse, and the opposing party had filed a charter for a profit corporation utilizing the same trade name: "Idaho's High Desert Committee." The Court of Appeals held that the now unincorporated organization still had standing to sue for trademark infringement, even though they had no registered trademark, and the corporation had been dissolved due to failure to file required reports. The Court of Appeals held that the trade name was protected under the Lanham Act 43(a) extending trademark protection to qualifying unregistered trademarks. 15 U.S.C.A. §1125(a).

> The district court then concluded that CIHD had capacity to bring its suit as an unincorporated association under Rule 17(b)(1) of the Federal Rules of Civil Procedure and that §43(a) of the Lanham Act allowed suits for infringement of an unregistered trademark or trade name. After setting the relevant standards for trademark and trade name protection, the court ruled that the trade name "Committee for Idaho's High Desert" was neither merely geographically descriptive nor arbitrary. It concluded instead that the name was suggestive and therefore inherently distinctive and entitled to protection without a showing of secondary meaning. Recognizing, however, the difficulty in drawing the line between suggestive and descriptive marks, the court went on to conclude that, even if the name was only descriptive, CIHD had demonstrated that the name had acquired secondary meaning. Finally, the court concluded that the evidence clearly established a likelihood of confusion as a result of appellants' use of CIHD's name and that appellants had thus infringed CIHD's trade name. Therefore, the court enjoined appellant corporation, and "its officers, directors, agents, attorneys, attorneys, employees," from using the name "Committee for Idaho High

3

>Desert" or any name confusingly similar to it and from maintaining a corporate registration using that name.

Defendants' attorney would lead the court to believe that Plaintiffs have no remedy unless they are the holder of a registered trademark. This is false. The torts of unfair competition and trade name disparagement are available without a registered trademark. 15 USC 1125(a) was specifically provided by Congress to meet the need for protection of unregistered trademarks, trade names, and from other forms of unfair business competition.

<u>Metric & Multistandard Components Corp.</u> v. <u>Metric's Inc.</u> 635 F2d 710 (1980) Defendant copied a catalogue published by plaintiff, and distributed the catalogue as its own, and registered the trademark "Metrics." This case presents a novel situation in that the plaintiff did not have a registered trademark, but the defendant did. The defendant had registered the name "Metrics," but the courts ruled that the trade name "Metrics" was not eligible for registration as a trade mark. The Court of Appeals upheld the trial court's injunction prohibiting the defendant from using a misleading business name, from distributing certain copied sales catalogues and advertising material, and from otherwise violating the Lanham Act. Neither the trial court nor the court of appeals obsessed over who held a registered trade mark, and who did not. The courts cancelled the registered trademark and enforced §43(a) of the Lanham Act against the holder of the registered trademark.

>We agree with the conclusion of the district court. Section 43 of the Lanham Act was designed to create a new federal remedy for the particular kind of unfair competition that results from false designation of origin or other false representation used in connection with the sale of a product. See *Federal Mogul Bower Bearings, Inc. v. Azoff*, 313 F. 2d 405, 409 (6th Cir. 1963); *F.E.L. Publications, Ltd. v. National Conference of Catholic Bishops,* 466 F. Supp. 1034, 1044 (N.D. Ill. 1978). The key to finding a violation under 43(a) is a determination that the materials used by the defendant created a likelihood of confusion, deception, or mistake on the part of the consuming public. See *New West Corp. v. NYM Co. of Cal., Inc.* 595 F.2d 1194, 1201 (9th Cir. 1979); *F.E.L. Publications, Ltd. v. National Conference of Catholic Bishops,* 466 F. Supp. at 1044.

This case applies to the case at bar. There is misrepresentation by Defendants that attacks the legal authority of Marauder as a debt collector. The

hate filled vehemence of the attacks against Marauder, on the Hibbs website actually encourages the debtor not to pay the debts, which Marauder is trying to collect. Hibbs misrepresents the character of the Plaintiff Corporation and its President, and thereby deceives the public.

### B. PLAINTIFFS HAVE STATED A CLAIM FOR DEFAMATION

The complaint clearly states a cause of action for defamation. The language quoted below is verbatim from the Hibbs website. It doesn't need illuminating. Paragraphs 6, 7, and 8 state:

"6. Defendants have made defamatory remarks about Plaintiff Marauder Corporation its employees and agents. Defendants have used Plaintiff's trade name on the website, without permission, and they disparage Plaintiff as one of "the worst collection agencies in America."

> "Today, consumers are being inundated with demands for payments on accounts from what the industry refers to as 'Bottom-Feeders, Scavengers, Parasites, Debt Buyers and Blood Suckers." These are debt collectors who purchase debts for pennies, then hope they can intimidate you to pay them, usually at an inflated price. Some of the worst names in the 'bottom-feeder' debt buying/collecting businesses based on my experiences are:"

The trade name of Plaintiff Marauder Corporation is included on the list. The statements contained on the website are false and they are made with "actual malice."

7. Defendants made libelous attacks upon Plaintiff Ryon Gambill, who is President of Marauder Corporation: "Ryon, the truth is you are a LIAR and a con man. The complaints I receive and attorneys who have contacted me state that you call and threaten people with arrest, seizure and garnishment on debts." The libelous material continues with an attack on Ryon Gambill who is President of Marauder Corporation, as follows:

> **Can you say YUK!! Let's start with your REAL name: *"Ryon Alan Gambill."*** Having just recently starting dealing with you, it is impossible to realize which is larger; your ego or Your Mouth!
> After receiving a frantic email from a woman claiming you had called and threatened her with arrest for a debt, I attempted to contact you to determine who and what you are. Your response was to *lie, misrepresent*

5

> *yourself, and then go out on the web and spread lies and falsehoods about me. Ryon, you already have a TERRIBLE reputation for lies, illegal debt collection practices and NOT paying your own bills. You have been sued numerous times for illegal debt collection practices and still lie and break the law. Are you REALLY that stupid?* Your ravings about suing me have been received Ryon, I'm not impressed or intimidated. We will happily give you the spotlight you seem to crave by publishing what ever transpires and whatever we find on you.
> **CONSUMERS; This is about as bad as debt collectors get. Ryon is the typical slimy debt collector who will lie, intimidate, threaten, coerce, perhaps even stoop to extortion in his attempt to separate you from your money. He is dangerous and should be stopped. If you are contacted by Marauder Corporation/CPS/National Capital Recovery, get in touch with me for assistance and referral to a local consumer law professional.**
> **... stay far away from him and his phony collection business.**

8. The statements expose Plaintiffs to hatred, contempt, and obloquy. The defendants state or imply that Plaintiffs' are guilty of crimes involving moral turpitude, and/or reflects adversely on the abilities of Plaintiff in its business, trade, or profession. The statements constitute libel per se."

The complaint clearly states a cause of action against Richard and Susan Hibbs for defamation.

## C. PLAINTIFFS' HAVE STATED A CLAIM FOR INTERFERENCE WITH BUSINESS RELATIONSHIP

There are two contracts with which the Hibbs website has interfered. 1.) The original contract between the creditor and debtor. 2.) The contract between the creditor and the third party debt collector, to collect the debt owed to the creditor. The pleading make clear this tortious interference with the business relationship, at paragraph 16.

16. There is an economic rivalry between Plaintiff Marauder Corporation and Defendants Richard J. Hibbs, and Susan Hibbs. Plaintiff Marauder Corporation seeks to collect delinquent debts, from debtors, for its clients. Defendants Richard J. Hibbs, and Susan Hibbs seeks to convince those same debtors not to pay their bills, but to buy their services

instead. His services include a debt evasion book, the "bankruptcy alternative program," and the attorney referral services. The attorney referral services consist of referring debtors to an attorney who will sue the debt collector.

## CONCLUSION

The facts are to be viewed in the light most favorable to the plaintiffs, because the motion to dismiss is directed against the plaintiffs. Kaiser Aluminum & Chem. Sales Inc. v Avondale Shipyards, Inc. 677 F. 2d 1045, 1050 (5th Cir. 1982). The Complaint has stated a cause of action for trade name disparagement, defamation, and tortious interference with a business relationship. The motion to dismiss filed by defendants should be denied.

*/s/ Gary MacInnis*
Gary MacInnis
State Bar No. 12774500
P.O. Box 91926
Austin, Texas 78709-1926
(512) 292-6029 phone
(512) 292-6919 fax

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that on October 10, 2006 a copy of the plaintiffs' brief in opposition to motion to dismiss was sent, by ordinary mail, to:

Jerry J. Jarzombek
Attorney at Law
714 W. Magnolia
Ft. Worth, Texas 76104

*/s/ Gary MacInnis*
Gary MacInnis